**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DARIAS ESEQUIAS VASQUEZ LOPEZ,

Petitioner,

v. No. 1:26-cv-03151-SMD-KRS

GEORGE DEDOS, et al.,

Respondents.

**ORDER**

**THIS MATTER** comes before the Court on Respondents' Motion to Lift temporary Restraining Order (Doc. 9) and PETITIOENR'S Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 12). The Court has received the Proposed Findings and Recommended Disposition (PFRD). Before ruling on the motions, the Court requires a supplemental status report on whether Petitioner can depart voluntarily for Guatemala and on the arrangement for that departure.

**BACKGROUND**

On July 17, 2026, the immigration judge granted Petitioner pre-conclusion voluntary departure under safeguards and set an August 16, 2026 deadline, subject to any extension granted by DHS. Doc. 9-1 at 4.

**DISCUSSION**

Petitioner states that he cooperated with DHS and that DHS twice began the process of arranging his departure but returned him to detention without completing it. Doc. 1 at 6–7. Respondents recount Petitioner's account without explaining why either attempt failed. Doc. 10 at 1. The present record supplies no basis to attribute either unsuccessful attempt to Petitioner.

Respondents seek to lift the Court's September 25 restriction so Petitioner may depart voluntarily for Guatemala. Doc. 9 at 1–2. Petitioner states that he seeks dismissal because he has signed paperwork for voluntary departure. Doc. 12 at 1. The immigration judge's stated deadline preceded the Court's restriction. *See* Doc. 9-1 at 4. Doc. 5. The parties' filings leave open whether DHS has operative authority to process Petitioner's travel as voluntary departure if the Court lifts its restriction.

A delay attributable to DHS does not itself extend the time for voluntary departure. An extension of the July 17 grant is subject to the 120-day limit for pre-conclusion voluntary departure. 8 U.S.C. § 1229c(a)(2)(A), 8 C.F.R. § 1240.26(f). If Petitioner was physically unable to depart on time through no fault of his own, the penalties for a voluntary failure to depart under 8 U.S.C. § 1229c(d)(1) do not apply. *Matter of Zmifewska*, 24 I.&N. Dec. 87, 93–94 (B.I.A.2007).

## CONCLUSION

**IT IS ORDERED** that Respondents shall file a supplemental status report by 5:00 p.m. Mountain Standard Time on November 24, 2026. The report shall be supported by a sworn declaration from an ICE official with personal knowledge of the proposed departure arrangements.

The report shall address the following matters.

1. State whether DHS can and will process Petitioner's travel to Guatemala as voluntary departure if the Court lifts its restriction and if so, identify the operative authority and provide a copy of any extension or other authorization on which DHS relies.

2. Provide the date and itinerary for Petitioner's scheduled departure to Guatemala and confirm whether DHS has obtained the required travel documents. Respondents may file this information under seal.

The Court reserves ruling on Docs. 9 and 12. The restriction in Doc. 5 remains in effect according to its terms pending further order of the Court.

**IT IS SO ORDERED.**

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**